21 cr 41 DWF

**RECEIVED**

**FEB 19 2021**

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **INFORMATION** |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| GREGG WILLIAM JOHNSON, | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| Defendant. | ) | |
| | ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## INTRODUCTION

1.      From approximately February 2014 through July 2020, the defendant, Gregg William Johnson, used his position as the Chief Financial Officer (CFO) of Victim Company to defraud Victim Company out of more than $930,000 through false and fraudulent pretenses, representations, and concealment of material facts.

2.      Victim Company was established in 1965.  At all relevant times, Victim Company operated as a manufacturing company specializing in products that assist in the oil drilling process.  Victim Company is headquartered in Minneapolis, in the State of Minnesota.   Victim Company has additional locations in Minnesota, Kansas, and Mississippi.  Victim Company distributes its products throughout the country.

3.      At all relevant times, Johnson was a resident of the State and District of Minnesota and was employed as the CFO of Victim Company, located in the State and District of Minnesota.  Johnson began his employment as Victim Company's CFO in or about February 2014.  Victim Company created the CFO position in order to expand its

SCANNED
FEB 19 2021 CK
U.S. DISTRICT COURT ST. PAUL

U.S. v. Gregg William Johnson

business. Johnson's duties as CFO included cost counting analysis, pricing, and carrying out Victim Company's long-term financial goals. This included overseeing and tracking all cash flow for the company. Johnson had signatory authority on Victim Company's bank accounts, and he had the ability to write checks and transfer money to and from those accounts. Johnson had the authority to make payments from Victim Company's accounts.

## THE SCHEME TO DEFRAUD

4.      From at least in or about 2014 through July 2020, in the State and District of Minnesota and elsewhere, the defendant,

## GREGG WILLIAM JOHNSON,

knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money and property from Victim Company by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts.

5.      As part of his scheme to defraud, Johnson fraudulently converted over $930,000 in funds belonging to Victim Company to his personal use by issuing checks from Victim Company's bank accounts directly for his own personal expenses.

6.      It was part of the scheme to defraud that Johnson misappropriated funds from Victim Company's bank account with Bank A. The Bank A account was created solely for the purpose of making payments to Victim Company's shareholders. As Johnson knew, the only authorized payments coming out of the Bank A account should have been to shareholders or to pay taxes on shareholder payouts, and he was not authorized to convert any of the funds in the Bank A account to his own personal use.

<u>U.S. v. Gregg William Johnson</u>

7.      It was further part of the scheme to defraud that Johnson frequently issued checks drawn on the Bank A account to cover his personal expenses, including his monthly credit card bills, personal insurance payments, and payment for mortgages and home renovations at three different personal residences.

8.      In furtherance of his scheme to defraud, Johnson concealed his theft in various ways which included the following:

> a.      Johnson falsified the President of Victim Company's signature on checks from the Bank A account to make it appear as if the President of Victim Company had authorized payments for Johnson's personal expenses.
>
> b.      Johnson falsified invoices for company expenses such as items, programs, and training. He would then record the expenses in the company's accounting software to reconcile the amounts that he was diverting for personal gain. Johnson would also log false expenditures in the accounting system without underlying documentation.
>
> c.      Rather than using Victim Company's accounting software, which was designed to issue and keep track of checks from Victim Company's accounts, Johnson would issue checks using a different program. This prevented the accounting system from recording the transaction. Johnson would then add illegitimate cash expenses to the records to make it appear as if the amounts were balancing correctly.

<u>U.S. v. Gregg William Johnson</u>

## COUNT 1
(Wire Fraud)

9.      Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

10.     On or about July 16, 2018, in the State and District of Minnesota and elsewhere, the defendant,

### GREGG WILLIAM JOHNSON,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted in interstate and foreign commerce a wire communication; specifically, a check for approximately $108.400.12 which caused a wire transfer of funds from an account at Bank A, held by Victim Company in Minnesota, to Johnson's mortgage account at financial institution B in Delaware.

11.     All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATIONS

Paragraphs 1 through 11 of this Information are incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

As a result of the offense alleged in Count 1, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from

U.S. v. Gregg William Johnson

proceeds traceable to the violation of Title 18, United States Code, Section 1343. The property subject to forfeiture includes, but is not limited to, the following:

    a.  13360 Gunflint Path, Apple Valley, MN 55124;

    b.  28303 Fontaine Road, Webster, WI 54893; and

    c.  5704 Longfellow Avenue, Minneapolis, MN 55417.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).


Dated: February 19, 2021                    ERICA H. MacDONALD
                                              United States Attorney

                                              /s/ Kimberly A. Svendsen

                                              BY: KIMBERLY A. SVENDSEN
                                              ALLISON K. ETHEN
                                              Assistant U.S. Attorneys